# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| LLOYD T. STEPHENS | CIVIL ACTION NO. 08-0857 |
| VERSUS | JUDGE ROBERT G. JAMES |
| 4TH JUDICIAL DISTRICT COURT, ET AL. | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is Plaintiff Lloyd T. Stephens' ("Stephens") Motion to Amend Complaint [Doc. No. 37]. The Motion is opposed. [Doc. No. 38]. Also pending before the Court is a Motion to Dismiss [Doc. No. 10] filed by Defendants Judge Wendell C. Manning, Judge Alvin Sharp, Jr., the Fourth Judicial District Court, and Judge Jimmy Dimos (collectively referred to as "Defendants"). Magistrate Judge Karen L. Hayes has issued a Report and Recommendation [Doc. No. 30], recommending that the Court grant the Motion to Dismiss.

For the following reasons, the Motion to Amend Complaint is DENIED, the Court ADOPTS the recommendation to grant the Motion to Dismiss, and Stephens' claims are dismissed without prejudice.

## I. LAW AND ANALYSIS

### A. Motion to Amend Complaint

Although styled as a "Motion to Amend Complaint," Stephens seeks to (1) voluntarily dismiss certain claims and (2) amend his complaint.

In Paragraph One of his Motion, Stephens seeks to dismiss his claims against Judges Manning and Sharp and the Fourth Judicial District Court. Defendants filed a Motion to Dismiss prior to the filing of the instant Motion. However, the Court construes Stephens' Motion as a timely

notice of dismissal under Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i). *See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F. 2d 250, 254 (5th Cir. 1973) ("A notice of voluntary dismissal filed after motions challenging the jurisdiction of the person of the defendant is not untimely."). Stephens' claims against Judges Manning and Sharp and the Fourth Judicial District Court are DISMISSED WITHOUT PREJUDICE.

In the remainder of his Motion, Stephens seeks to amend his complaint to (1) add the State of Louisiana as a defendant and (2) request damages against Judge Dimos instead of a new trial. Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleadings once as a matter of course." FED. R. CIV. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Stephens amended his complaint on July 22, 2008. [Doc. No. 8]. Accordingly, it is within the Court's discretion to grant him leave to amend his complaint for a second time. Stephens' proposed claim against the State of Louisiana is barred by sovereign immunity. *See Inyo County, Cal. v. Paiute-Shoshone Indians of the Bishop Colony*, 538 U.S. 701, 709 (2003) (holding that Congress has not abrogated the States' sovereign immunity for claims arising under 42 U.S.C. § 1983); *see also* LA. REV. STAT. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). The Court,

2

therefore, finds that Stephens' proposed amendment to add the State of Louisiana as a defendant is futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (holding that a proposed amendment is "futile" if it fails to state a claim upon which relief can be granted).

The proposed amendment to withdraw his request for a new trial and add a claim for damages against Judge Dimos is also futile. In his proposed amended complaint, Stephens seeks "pain and suffering of three hundred thousand (300,000) plus any punitive damages that may be awarded by a jury" for "the agony of watching my son deteri[or]ate because of Judge Jimmy Dimos's ruthless biased actions" in awarding curatorship of Stephens' son to his ex-wife. [Doc. No. 37, pp. 1–2]. Stephens' claims against Judge Dimos regard acts performed in a judicial capacity, which are barred by judicial immunity. *See Sup. Ct. of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 734–35 (1980).

Stephens' Motion to Amend Complaint is DENIED.

**B.    Report and Recommendation**

Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 30] in which she recommends granting the Motion to Dismiss filed by Defendants and dismissing Stephens' claims without prejudice for lack of subject matter jurisdiction. Stephens filed a timely objection [Doc. No. 36].

In his Original and First Amended Complaints [Doc. Nos. 1 & 8], Stephens sought a new trial in state court. Magistrate Judge Hayes correctly reasoned that Stephens sought to collaterally attack a final state court judgment and that this Court lacked jurisdiction to do so under the *Rooker-Feldman* doctrine. The Court, therefore, ADOPTS the Report and Recommendation of the Magistrate Judge and dismisses Stephens' claims against Defendant Judge Jimmy Dimos, the only

remaining defendant, for lack of subject matter jurisdiction.[1]

## II. CONCLUSION

For the foregoing reasons, Plaintiff Lloyd T. Stephens' ("Stephens") claims against Defendants Judge Wendell C. Manning, Judge Alvin Sharp, Jr., and the Fourth Judicial District Court are DISMISSED WITHOUT PREJUDICE pursuant to his notice of dismissal [Doc. No. 37] under Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i).

Defendants' Motion to Dismiss [Doc. No. 10] is GRANTED, and Stephens' claims against Defendant Judge Jimmy Dimos are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Stephens' Motion to Amend Complaint [Doc. No. 37] is DENIED.

MONROE, LOUISIANA, this 12th day of November, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Court cautions Stephens that if he files another complaint against Judge Manning, Judge Sharp, or the Fourth Judicial District Court that seeks to collaterally attack a state court judgment, the Court will consider dismissing the case for lack of subject matter jurisdiction for the same reasons.